UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH DOHERTY, ) | |
| SANDRA LUEDTKE as Agent and attorney- ) | |
| in-fact for DEBORAH DOHERTY, ) | |
| ) | |
| Plaintiffs, ) | No. 1:16-cv-00760-JMS-DKL |
| ) | |
| vs. ) | |
| ) | |
| PURDUE PROPERTIES 1, LLC, ) | |
| CAMPUS APARTMENTS MANAGEMENT, ) | |
| LLC, ) | |
| CORRIDOR, LLC, ) | |
| CORRIDOR VENTURES, INC., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Presently pending before the Court is Plaintiffs' Motion to Remand this action to state court. [Filing No. 14.] Plaintiffs contend that Defendants' Second Notice of Removal does not properly plead diversity jurisdiction because it alleges that Defendant Purdue Properties I, LLC—an unincorporated association—is "owned by" three identified individuals who are Florida citizens. [Filing No. 14 (referring to Filing No. 11).] Plaintiffs contend that this is insufficient to establish citizenship because "[i]t is unclear what the phrase 'owned by' is intended to mean." [Filing No. 14 at 2 (citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 691 (7th Cir. 2003) (holding that "limited liability companies are citizens of every state of which any *member* is a citizen") (emphasis added).]

Defendants oppose Plaintiffs' Motion to Remand, arguing that it has no merit and should be denied because ownership implies membership and the Seventh Circuit has ordered parties to

"trace the chain of ownership" to identify the citizenship of an unincorporated association. [Filing No. 16 (citing *Hart v. Terminix Int'l*, 336 F.3d 541 (7th Cir. 2003).]

Because it is well established that the "the citizenship of unincorporated associations must be traced through however many layers of *partners or members* there may be." *Hart*, 336 F.3d at 543 (emphasis added), the Court **ORDERS** Defendants to file a Third Amended Notice of Removal by **June 3, 2016**. Defendants' Third Amended Notice of Removal must properly set forth the citizenship of each party to this litigation and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants plead the partners or members of each unincorporated association as such, so that it is clear that diversity jurisdiction exists. Given that Defendants bear the burden of proving the propriety of removal and they have had multiple chances, this will be their final one. *See Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) ("The party seeking removal bears the burden of proving the propriety of removal"); *Tylka v. Garber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000) ("On a number of occasions we have dismissed actions where litigants fail to make . . . amendments to correct deficient allegations of diversity of citizenship after being instructed to do so.").

Date: May 24, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

James F. Ludlow
ATTORNEY AT LAW
jludlow@ludlowlaw.com

Bruce D. Jones
CRUSER MITCHELL & GASTON LLC
bjones@cmlawfirm.com

Sally R. Shadwick
CRUSER MITCHELL & GASTON, LLC
sshadwick@cmlawfirm.com

Keith A. Gaston
CRUSER, MITCHELL & GASTON, LLC
kgaston@cmlawfirm.com